UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION – IN ADMIRALTY

| | |
|---|---|
| Penny Jo Barnett, individually, and as Personal Representative of the Estate of Edward Barnett, <br><br> Plaintiff, <br><br> vs. <br><br> United States of America, United States Coast Guard, and United States Army Corps of Engineers, <br><br> Defendants. | Case Number: 2:20-cv-02517-DCN <br><br><br><br> **Complaint** |

1. Plaintiff is a resident of Dorchester County, South Carolina and the duly appointed Personal Representative of the Estate of Edward Barnett.

2. This is a case of admiralty and maritime jurisdiction with this Court having jurisdiction of the action under 28 U.S.C. § 1333, General Maritime Laws, Suits in Admiralty Act, 46 U.S.C. §§ 741-752, and the Public Vessels Acts, 46 U.S.C. §§ 781-790 to the extent said apply.

3. This Court has jurisdiction under 28 U.S.C. § 1333 as the conduct complained of occurred at a contraction dike on navigable waters located at Marker 49-A in the Cooper River, North Charleston, South Carolina and arise under the Judiciary Act of 1789 and the General Maritime Law and admiralty law of the United States.

4. Venue is proper in this action pursuant to 46 U.S. Code § 30906.

5. That this is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Plaintiff's claims include a wrongful death action pursuant to SC Code § 15-51-10 and a survival claim action pursuant to SC Code §15-5-90.

7. The Suits in Admiralty Act, 46 U.S.C. §§ 30901-30913 ("SIAA"), waives Defendants' sovereign immunity for Plaintiff's claims in the subject lawsuit.

8. Defendant United States of America is responsible for all acts and omissions of the remaining named-Defendants in the action, including the officers, personnel, agents, employees, and representatives of said Defendants because the acts and omissions of these Defendants and/or their officers, personnel, agents, employees, and representatives acting within the course and scope of their respective status with said Defendants, caused the incident and death described herein that occurred on the navigable waters of the United States.

9. Defendant United States Coast Guard and its officers, personnel, agents, employees, and/or representatives, at all relevant times, were responsible for providing safe and navigable waterways along the South Carolina Coast and responsible for the maintenance and upkeep of navigational markers, including aid to navigation lights at issue in this lawsuit.

10. Defendant United States Army Corps of Engineers and its officers, personnel, agents, employees, and/or representatives, at all relevant times, were responsible for providing safe and navigable waterways along the South Carolina Coast at issue in this lawsuit and responsible for the maintenance and upkeep of the aid to navigation lights at issue in this lawsuit.

11. At all relevant times, a contraction dike at Marker 49-A in the Cooper River, North Charleston, South Carolina ("dike") was designed, constructed, and/or installed by or at the direction of Defendants.

12. At all relevant times, Defendants owned the subject dike.

13. The aid to navigation lights on the dike were affixed and attached to the dike by and/or at the direction of Defendants for the purpose of protection of navigation to boaters.

14. At all relevant times, Defendants were responsible for the maintenance, service, repair, replacement, and upkeep of the aid to navigation lights on the dike.

15. At all relevant times, Defendants had the duty and obligation to have in full and proper working order the aid to navigation lights on the dike in order to alert boaters of the presence of the dike.

16. At all relevant times, Defendants had a duty to use due care to make certain that the aid to navigation lights on the dike were kept in good working order.

17. At all relevant times, Defendants had a duty to use due care to discover non-functioning aid to navigation lights on the dike and to repair same or give a proper warning that the navigation lights were not functioning properly.

18. At all relevant times, Defendants undertook the duty to have the dike equipped with properly functioning aid to navigation lights.

19. During the nighttime hours of July 6, 2018, Edward Barnett ("Decedent") was operating a boat (Identification Number LOB11622D313) that allided with the dike resulting in catastrophic and fatal injuries that were accompanied by tremendous conscious pain and suffering.

20. The subject allision was caused by one or more of the aid to navigation lights on the dike not functioning properly, not being in proper working condition, and/or not being illuminated.

21. At the time of the subject allision, the aid to navigation lights on the dike were not functioning properly, were not in proper working condition, and/or were not illuminated.

22. At the time of the subject allision, the dike was not visible to an approaching boater.

23. At all relevant times, Defendants had the duty to have the aid to navigation lights on the dike functioning properly and in proper working condition.

24. At all relevant times, Defendants had the duty to have the aid to navigation lights on the dike illuminated.

25. At all relevant times, Defendants had the duty to utilize aid to navigation lights to properly mark the dike.

26. At all relevant times, Defendants had the duty to properly maintain the aid to navigation lights on the dike.

27. At all relevant times, Defendants had the duty to inspect the aid to navigation lights on the dike and repair any and all lights that were not functioning properly and were not in proper working condition.

28. At all relevant times, Defendants had the duty and obligation to have the aid to navigation lights on the dike fully functional, in proper working condition, and illuminated in order to alert boaters like Decedent of the presence of the dike.

29. Prior to the subject allision, Defendants were put on notice that the aid to navigation lights on the dike were not functioning properly, were not in proper working condition, and would not illuminate.

30. Prior to the subject allision, Defendants had knowledge that the aid to navigation lights affixed to the dike were not functioning properly, were not in proper working condition, and would not illuminate.

31. Prior to the subject allision, Defendants knew that the dike's aid to navigation lights, even when functioning properly and in proper working condition, were insufficient to safely illuminate the dike and alert boaters of the presence of the dike.

32. Prior to the subject allision, Defendants knew that the dike's aid to navigation lights, even when functioning properly and in proper working condition, were insufficient to illuminate the dike at night and alert boaters of the presence of the dike.

33. Prior to the subject allision, Defendants knew that enhanced and/or additional lighting and other measures were needed on the dike to improve visibility and to make the dike visible to boaters like Decedent.

34. Prior to the subject allision, reasonable, feasible, and safer alternatives were available to Defendants regarding ways to make the dike visible to boaters like Decedent.

35. Following the subject allision, one or more of the aid to navigation lights on the dike were repaired, replaced, serviced, and/or modified by or at the direction of Defendants.

36. Defendants were wrongful, improper, negligent, grossly negligent, negligent per se, willful, wanton, and/or reckless and breached the duties owed to Decedent and Plaintiff in one or more of the following ways:

   a. Creating an unsafe, dangerous, and/or hazardous condition;

   b. Overseeing the creation of an unsafe, dangerous, and/or hazardous condition;

   c. Failing to properly and thoroughly make have the dike in a safe condition for boaters;

   d. Failing to have properly functioning aid to navigation lights on the dike;

   e. Failing to properly inspect and maintain the aid to navigation lights on the dike;

   f. Failing to properly inspect and maintain the dike;

   g. Failing to properly install, specify, inspect, repair, test, service, and/or maintain the aid to navigation lights on the dike;

   h. Failing to properly and safely ready and prepare the aid to navigation lights;

   i. Failing to properly oversee that the aid to navigation lights on the dike were installed, inspected, repaired, tested, serviced, and/or maintained in a proper, safe,

      non-dangerous, and/or hazard-free condition;

j. Failing to properly oversee that the dike was in proper condition for the safety of boaters;

k. Failing to properly safeguard against the unsafe, dangerous, and/or hazardous conditions present at the dike at the time of the subject incident;

l. Failing to properly warn boaters of the condition of the dike and the unsafe, dangerous, and/or hazardous condition of the aid to navigation lights;

m. Failing to properly hire, train, supervise, manage, and retain Defendants' respective officers, personnel, employees, and agents;

n. Failing to properly identify, report, and/or repair unsafe, dangerous, and/or hazardous conditions of the dike;

o. Failing to follow generally accepted standards of care applicable to the ownership, maintenance and upkeep of the dike and its aid to navigation lights;

p. Failing to comply with the standards of care applicable to specifying, installing, inspecting, testing, repairing, servicing, maintaining, and/or utilizing aid to navigation lights on the dike;

q. Failing to properly oversee the maintenance, service, and/or repair of the aid to navigation lights;

r. Failing to have, implement, maintain, and/or follow applicable policies, procedures, and/or standards related to the aid to navigation lights;

s. Failing to follow the generally accepted standards of care, regulations, ordinances, codes, policies, and/or procedures applicable to specifying, installing, maintaining, servicing, inspecting, testing, and/or repairing the aid to navigation lights on the dike;

t. Violating the industry standard of care related to specifying, installing, maintaining, safeguarding, servicing, testing, inspecting, and/or repairing the aid to navigation lights on the dike;

u. Failing to adopt procedures for the safe and proper specification, installation, repair, maintenance, testing, inspecting, safeguarding, and/or servicing of the aid to navigation lights on the dike;

v. Failing to use the degree of care and caution that a reasonably prudent entity or agency would have used under the same or similar circumstances;

    w. Failing to adequately train, instruct, and/or supervise persons who would specify, install, test, service, maintain, and/or repair the aid to navigation lights on the dike;

    x. In specifying, installing, maintaining, repairing, and/or servicing the subject aid to navigation lights in an improper and unsafe manner; and

    y. In such other particulars that may be established during the course of discovery or at the trial of this action.

Defendants' wrongful, improper, negligent, negligent per se, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to Decedent and Plaintiff were the direct and proximate cause of the incident and injuries described herein.

37. Defendants are liable to Decedent and Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for the wrongful, improper, negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton conduct of Defendants and Defendants' respective employees, representatives, personnel, and agents, such conduct consisting of one or more of the particulars described herein.

## For a First Cause of Action
### (Wrongful Death)

38. Plaintiff incorporate by reference Paragraphs 1 through 37 above as if repeated verbatim.

39. As a direct and proximate cause of Defendants' wrongful, improper, negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Plaintiff and all statutory beneficiaries of Decedent have lost the comfort, society, and companionship of Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow for which Plaintiff is entitled to recover damages as described herein on behalf of Decedent's statutory beneficiaries.

## For a Second Cause of Action
**(Survival Action)**

40. Plaintiffs incorporate by reference Paragraphs 1 through 39 above as if repeated verbatim.

41. As a direct and proximate cause of Defendants' wrongful, improper, negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Decedent was forced to endure great conscious pain and suffering before his death and Plaintiff is entitled to an award of damages as described herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for the injuries and damages sustained by Decedent and Decedent's beneficiaries described herein in an amount of actual and punitive damages to be determined by this Court, for the costs of this action, and for such other and further relief that this Court may deem just and proper.

**O'Shea Law Firm, LLC**
s/Brooklyn A. O'Shea
Brooklyn A. O'Shea (Fed. ID: 12681)
1120 Folly Road
Charleston, SC 29412
843-805-4943 office
brooklyn@oshealaw.com

**Joye Law Firm, LLP**
s/Christopher J. McCool
Christopher J. McCool (Fed. ID: 5747)
5861 Rivers Avenue
North Charleston, SC 29406
843-554-3100 office
cmccool@joyelawfirm.com

*Attorneys for Plaintiff*

Charleston, South Carolina
July 2, 2020