UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION – IN ADMIRALTY

| | |
|---|---|
| Penny Jo Barnett, individually, and as Personal Representative of the Estate of Edward Barnett, | Case Number: 2:20-cv-02517-DCN |
| Plaintiff, | |
| vs. | **Amended Complaint** |
| United States of America, | |
| Defendant. | |

Plaintiff hereby alleges and pleads as follows:[1]

1. Plaintiff is a resident of Dorchester County, South Carolina and the duly appointed Personal Representative of the Estate of Edward Barnett.

2. This is a case of admiralty and maritime jurisdiction with this Court having jurisdiction of the action under 28 U.S.C. § 1333 as well as General Maritime Laws, Suits in Admiralty Act, 46 U.S.C. §§ 741-752, and the Public Vessels Acts, 46 U.S.C. §§ 781-790, to the extent said apply.

3. This Court has jurisdiction under 28 U.S.C. § 1333 as the conduct complained of occurred at a contraction dike on navigable waters located at Marker 49-A in the Cooper River, North Charleston, South Carolina and arises under the Judiciary Act of 1789 and the General Maritime Law and admiralty law of the United States.

4. Venue is proper in this action pursuant to 46 U.S. Code § 30906.

---

[1] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant has consented in writing to the amending of the Complaint.

5. That this is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Plaintiff's claims include a wrongful death action pursuant to SC Code § 15-51-10 and a survival claim action pursuant to SC Code §15-5-90.

7. The Suits in Admiralty Act, 46 U.S.C. §§ 30901-30913 ("SIAA"), waives Defendant's sovereign immunity for Plaintiff's claims in the subject lawsuit.

8. At all relevant times, the negligent, negligent per se, improper, wrongful, unsafe, careless, reckless, willful, and/or wanton acts and omissions of Defendant (the United States Government) described herein, through its personnel, officers, agents, employees, and/or representatives, including the United States Coast Guard ("USCG") and the United States Army Corps of Engineers ("USACE"), occurred while said personnel, officers, agents, employees, and/or representatives were acting within the course and scope of their duties with the United States Government and said acts and omissions caused the incident and death described herein that occurred on the navigable waters of the United States.

9. Defendant, including the USCG, at all relevant times, was responsible for providing safe and navigable waterways along the South Carolina Coast and responsible for the maintenance and upkeep of navigational markers, including the aid to navigation lights at issue in this lawsuit.

10. Defendant, including the USACE, at all relevant times, was responsible for providing safe and navigable waterways along the South Carolina Coast and responsible for the maintenance and upkeep of navigational markers, including the aid to navigation lights at issue in this lawsuit.

11. At all relevant times, a contraction dike at Marker 49-A in the Cooper River, North Charleston, South Carolina ("dike") was designed, constructed, and/or installed by or at the direction of the United States Government.

12. At all relevant times, Defendant, including the USCG and/or the USACE, owned the subject dike.

13. The aid to navigation lights on the dike were affixed and attached to the dike by and/or at the direction of Defendant.

14. The aid to navigation lights were affixed to the dike to accomplish various objectives, including to assist boaters to determine their position, to assist boaters in determining a safe course, and to warn boaters of dangers and obstructions.

15. The aid to navigation lights on the dike were affixed and attached to the dike by and/or at the direction of Defendant in order to alert boaters of the dike's presence in the Cooper River.

16. At all relevant times, Defendant wase responsible for the maintenance, service, repair, replacement, and upkeep of the aid to navigation lights on the dike.

17. At all relevant times, Defendant had the duty and obligation to have in full and proper working order the aid to navigation lights on the dike in order to alert boaters of the presence of the dike.

18. At all relevant times, Defendant had a duty to use due care to make certain that the aid to navigation lights on the dike were kept in good working order.

19. At all relevant times, Defendant had a duty to use due care to discover non-functioning aid to navigation lights on the dike and to repair same or give a proper warning that the navigation lights were not functioning properly.

20. At all relevant times, Defendant undertook the duty to have the dike equipped with properly functioning aid to navigation lights.

21. During the nighttime hours of July 6, 2018, Edward Barnett ("Decedent") was operating a boat (Identification Number LOB11622D313) that allided with the dike resulting in catastrophic and fatal injuries that were accompanied by tremendous conscious pain and suffering.

22. The subject allision was caused by one or more of the aid to navigation lights on the dike not functioning properly, not being in proper working condition, and/or not being illuminated.

23. At the time of the subject allision, the aid to navigation lights on the dike were not functioning properly, were not in proper working condition, and/or were not illuminated.

24. At the time of the subject allision, the dike was not visible to an approaching boater.

25. At all relevant times, Defendant had the duty to have the aid to navigation lights on the dike functioning properly and in proper working condition.

26. At all relevant times, Defendant had the duty to have the aid to navigation lights on the dike illuminated.

27. At all relevant times, Defendant had the duty to utilize aid to navigation lights to properly mark the dike.

28. At all relevant times, Defendants had the duty to properly maintain the aid to navigation lights on the dike.

29. At all relevant times, Defendant had the duty to inspect the aid to navigation lights on the dike and repair any and all lights that were not functioning properly and were not in proper working condition.

30. At all relevant times, Defendant had the duty and obligation to have the aid to navigation lights on the dike fully functional, in proper working condition, and illuminated in order to alert boaters like Decedent of the presence of the dike.

31. Prior to the subject allision, Defendant was put on notice that the aid to navigation lights on the dike were not functioning properly, were not in proper working condition, and would not illuminate.

32. Prior to the subject allision, Defendant had knowledge that the aid to navigation lights affixed to the dike were not functioning properly, were not in proper working condition, and/or would not illuminate.

33. Prior to the subject allision, Defendant knew that the dike's aid to navigation lights, even when functioning properly and in proper working condition, were insufficient to safely illuminate the dike and alert boaters of the presence of the dike.

34. Prior to the subject allision, Defendant knew that the dike's aid to navigation lights, even when functioning properly and in proper working condition, were insufficient to illuminate the dike at night and alert boaters of the presence of the dike.

35. Prior to the subject allision, Defendant knew that low intensity lighting on a dike can be easily obscured.

36. Prior to the subject allision, Defendant knew that enhanced and/or additional lighting and other measures were needed on the dike to improve visibility and to make the dike visible to boaters like Decedent.

37. Prior to the subject allision, reasonable, feasible, and safer alternatives were available to Defendant regarding ways to make the dike visible to boaters like Decedent.

38. Following the subject allision, one or more of the aid to navigation lights on the dike were repaired, replaced, serviced, and/or modified by and/or at the direction of Defendant.

39. Defendant was wrongful, improper, negligent, grossly negligent, negligent per se, willful, wanton, and/or reckless and breached the duties owed to Decedent and Plaintiff in one or more of the following ways:

   a. Creating an unsafe, dangerous, and/or hazardous condition;

   b. Overseeing the creation of an unsafe, dangerous, and/or hazardous condition;

   c. Failing to properly and thoroughly make have the dike in a safe condition for boaters;

   d. Failing to have properly functioning aid to navigation lights on the dike;

   e. Failing to properly inspect and maintain the aid to navigation lights on the dike;

   f. Failing to properly inspect and maintain the dike;

   g. Failing to properly install, specify, inspect, repair, test, service, and/or maintain the aid to navigation lights on the dike;

   h. Failing to properly and safely ready and prepare the aid to navigation lights;

   i. Failing to properly oversee that the aid to navigation lights on the dike were installed, inspected, repaired, tested, serviced, and/or maintained in a proper, safe, non-dangerous, and/or hazard-free condition;

   j. Failing to properly oversee that the dike was in proper condition for the safety of boaters;

   k. Failing to properly safeguard against the unsafe, dangerous, and/or hazardous conditions present at the dike at the time of the subject incident;

   l. Failing to properly warn boaters of the condition of the dike and the unsafe, dangerous, and/or hazardous condition of the aid to navigation lights;

   m. Failing to properly hire, train, supervise, manage, and retain Defendants' respective officers, personnel, employees, and agents;

   n. Failing to properly identify, report, and/or repair unsafe, dangerous, and/or hazardous conditions of the dike;

o. Failing to follow generally accepted standards of care applicable to the ownership, maintenance and upkeep of the dike and its aid to navigation lights;

p. Failing to comply with the standards of care applicable to specifying, installing, inspecting, testing, repairing, servicing, maintaining, and/or utilizing aid to navigation lights on the dike;

q. Failing to properly oversee the maintenance, service, and/or repair of the aid to navigation lights;

r. Failing to have, implement, maintain, and/or follow applicable policies, procedures, and/or standards related to the aid to navigation lights;

s. Failing to follow the generally accepted standards of care, regulations, ordinances, codes, policies, and/or procedures applicable to specifying, installing, maintaining, servicing, inspecting, testing, and/or repairing the aid to navigation lights on the dike;

t. Violating the industry standard of care related to specifying, installing, maintaining, safeguarding, servicing, testing, inspecting, and/or repairing the aid to navigation lights on the dike;

u. Failing to adopt procedures for the safe and proper specification, installation, repair, maintenance, testing, inspecting, safeguarding, and/or servicing of the aid to navigation lights on the dike;

v. Failing to use the degree of care and caution that a reasonably prudent entity or agency would have used under the same or similar circumstances;

w. Failing to adequately train, instruct, and/or supervise persons who would specify, install, test, service, maintain, and/or repair the aid to navigation lights on the dike;

x. In specifying, installing, maintaining, repairing, and/or servicing the subject aid to navigation lights in an improper and unsafe manner; and

y. In such other particulars that may be established during the course of discovery or at the trial of this action.

Defendant's wrongful, improper, negligent, negligent per se, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to Decedent and Plaintiff were the direct and proximate cause of the incident and injuries described herein.

40. Defendant is liable to Decedent and Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for the wrongful, improper, negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton conduct of Defendant and Defendant's respective employees, representatives, personnel, officers, and/or agents, such conduct consisting of one or more of the particulars described herein.

### For a First Cause of Action
**(Wrongful Death)**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above as if repeated verbatim.

42. As a direct and proximate cause of Defendant's wrongful, improper, negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Plaintiff and all statutory beneficiaries of Decedent have lost the comfort, society, and companionship of Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow for which Plaintiff is entitled to recover damages as described herein on behalf of Decedent's statutory beneficiaries.

### For a Second Cause of Action
**(Survival Action)**

43. Plaintiff incorporates by reference Paragraphs 1 through 42 above as if repeated verbatim.

44. As a direct and proximate cause of Defendant's wrongful, improper, negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Decedent was forced to endure great conscious pain and suffering before his death and Plaintiff is entitled to an award of damages as described herein.

WHEREFORE, Plaintiff prays for judgment against Defendant for the injuries and damages sustained by Decedent and Decedent's beneficiaries described herein in an amount of actual and

punitive damages to be determined by this Court, for the costs of this action, and for such other and further relief that this Court may deem just and proper.

        **O'Shea Law Firm, LLC**
        s/Brooklyn A. O'Shea
        Brooklyn A. O'Shea (Fed. ID: 12681)
        1120 Folly Road
        Charleston, SC 29412
        843-805-4943 office
        brooklyn@oshealaw.com

        **Joye Law Firm, LLP**
        s/Christopher J. McCool
        Christopher J. McCool (Fed. ID: 5747)
        5861 Rivers Avenue
        North Charleston, SC 29406
        843-554-3100 office
        cmccool@joyelawfirm.com

        *Attorneys for Plaintiff*

Charleston, South Carolina
September 23, 2020