# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| PENNY JO BARNETT, *individually, and as Personal Representative of the Estate of Edward Barnett*,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:20-cv-02517-DCN<br><br>**ORDER** |

The following matter is before the court on defendant United States of America's (the "government") motion to quash, ECF No. 52. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This admiralty and maritime action arises out of a vessel's allision with a contraction dike in the Cooper River in North Charleston, SC on July 6, 2018. The allision resulted in the death of the operator of the vessel, Edward Barnett (the "decedent"). According to the operative amended complaint, the navigation lights on the dike were not functioning properly at the time of the allision, such that the dike was not visible to approaching boaters. On July 2, 2020, plaintiff Penny Jo Barnett ("Barnett") filed the instant action against the government in her individual capacity and as personal representative of the estate of the decedent. Barnett alleges a wrongful death cause of action, pursuant to S.C. Code Ann. § 15-51-10, and a survival cause of action for the decedent's pain and suffering prior to his death, pursuant to S.C. Code Ann. § 15-5-90.

On June 29, 2021, Barnett issued a subpoena for documents and deposition testimony to Bryan Johnson, a civilian United States Coast Guard employee assigned to conduct a marine casualty investigation of the subject allision. ECF No. 52-9. That same day, Barnett provided the government notice of that deposition, currently scheduled for July 13, 2021. Id. On June 9, 2021, the government filed a motion to quash the subpoena, ECF No. 52, to which Barnett responded on July 13, 2021, ECF No. 53. The government did not file a reply, and the time to do so has now expired. As such, this motion is now ripe for review.

## II. STANDARD

Under Federal Rule of Civil Procedure 45, a party may compel a non-party's attendance to a deposition. Rule 45 also permits the subpoenaed non-party[1] to quash or modify a subpoena where it, inter alia, "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26(b). Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012).

---

[1] Barnett issued the subpoena under Rule 45 to a "non-party" Coast Guard employee. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 307 (D.S.C. 2013) (quoting United States v. Idema, 118 Fed. App'x. 740, 744 (4th Cir. 2005) (unpublished opinion)). The parties do not address the United States' standing to challenge the "non-party" subpoena to Johnson, an employee of one of its branches. However, the court need not resolve the issue because, as explained below, even assuming the government has standing to bring the instant motion, the court nevertheless denies it.

Likewise, Federal Rule of Civil Procedure 26(c) authorizes the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" by forbidding or limiting the scope of discovery. "The standard for issuance of a protective order is high," Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, 2017 WL 3620061 (D.S.C. Aug. 23, 2017), and the movant "bears the burden of establishing good cause," Slager v. Southern States Police Benevolent Association, Inc., 2016 WL 4123700, at *2 (D.S.C. Aug. 3, 2016). A motion for a protective order requires the court to "weigh the need for the information versus the harm in producing it." Id. (quoting A Helping Hand, LLC v. Baltimore Cty., Md., 295 F. Supp. 2d 585, 592 (D. Md. 2003)). In determining whether to quash a subpoena or issue a protective order, as with most matters of discovery, the court wields broad discretion. Cook, 484 F. App'x at 812 (motions to quash); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (protective orders).

### III.  DISCUSSION

The government asks that the court quash Barnett's subpoena to take Johnson's deposition or, in the alternative, issue a protective order limiting the scope of that deposition to specific factual matters Johnson personally observed. During the course of his investigation, Johnson examined the decedent's vessel, examined the dike, interviewed various individuals who responded on the night of the allision, and obtained information from the decedent's employer. Johnson also authored a report of investigation that is not yet finalized.

As the basis for its motion, the government argues that Johnson's deposition may not be taken without the permission of the "Secretary"[2] under 46 U.S.C. § 6308. Section 6308(b) provides:

> Any member or employee of the Coast Guard investigating a marine casualty pursuant to section 6301 of this title <u>shall not be subject to deposition</u> or other discovery, or otherwise testify in such proceedings relevant to a marine casualty investigation, <u>without the permission of the Secretary</u>.

46 U.S.C. § 6308(b) (emphasis added). Barnett argues that, notwithstanding the prohibition under subsection (b), Johnson's deposition is permitted under an exception in subsection (c) of the statute. Section 6308(c) provides that "nothing in this section prohibits the employee or member from being called as a fact witness in any case in which the United States is a party." 46 U.S.C. § 6308(c). It further provides that "[i]f the employee or member is called as an expert or fact witness, the applicable Federal Rules of Civil Procedure govern discovery." Id.

The court agrees that Johnson's deposition may be taken without the Secretary's permission under the § 6308(c) exception. As the defendant, the United States is a party in this action. Therefore, pursuant to the plain language of the statute, "nothing in [46 U.S.C. § 6308] prohibits [an investigating Coast Guard employee] from being called as a fact witness" in this action. Id.; see Lamie v. United States Tr., 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."). Therefore, the government's reliance on subsection (b) to bar

---

[2] The parties do not clarify who the "Secretary" refers to, but that question is immaterial for the purposes of this order.

Johnson's deposition without the Secretary's permission is misplaced.  The plain language of the statute further provides that the Federal Rules of Civil Procedure govern Johnson's deposition, and the government has not argued that the court should quash the deposition or issue a protective order pursuant to any rule therein.

The government insists that "[a]llowing subsection (c) to control would flip statutory interpretation on its head by elevating the general over the specific and render the purposefully crafted permission in subsection (b) unnecessary."  ECF No. 52 at 5.  The court disagrees.  Indeed, the opposite is true.  Disregarding the explicit exception outlined in subsection (c) would undermine Congress's purposeful crafting of such an exception for cases where the United States is a party.  Because a natural reading of the statute reveals that Johnson may be deposed as fact witness without the Secretary's permission, he need not satisfy any of the factors that weigh on the Secretary's decision to grant such permission—including whether the information is unavailable elsewhere or not obtainable by other means.  The court rejects the government's contention to the contrary.  The government provides no grounds for its motion to quash other than its strained interpretation of 46 U.S.C. § 6308, and therefore the court denies the motion in that regard.

The court likewise denies the government's request for a protective order "limiting the scope of th[e] deposition to specific factual matters Johnson personally observed."  ECF No. 52 at 1.  The standard for issuance of a protective order is high, and the government bears the burden of showing good cause for such an order.  The government provides no argument or legal support for a protective order, beyond that

already rejected above. Therefore, the government fails to meet its burden, and the court declines to issue a protective order.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to quash or for a protective order.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**August 6, 2021**
**Charleston, South Carolina**