**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

PENNY JO BARNETT, *individually, and as personal representative of the estate of Edward Barnett*, )
)
)
)
         Plaintiff, )
)   No. 2:20-cv-02517-DCN
         vs. )
)   **ORDER**
UNITED STATES OF AMERICA, )
)
         Defendant. )
)

     The following matter is before the court on plaintiff Penny Jo Barnett's ("Barnett") motion to exclude, ECF No. 61. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

     This admiralty and maritime action arises out of a vessel's allision with a contraction dike in the Cooper River in North Charleston, SC on July 6, 2018. The allision resulted in the death of the operator of the vessel, Edward Barnett (the "decedent"). The dike and surrounding navigation lights are owned and operated by defendant United States of America (the "government."). According to the operative amended complaint, the navigation lights on the dike were not functioning properly at the time of the allision such that the dike was not visible to approaching boaters. See generally ECF No. 28, Amend. Compl.  On July 2, 2020, Barnett filed the instant action against the government in her individual capacity and as personal representative of the estate of the decedent. Barnett alleges a wrongful death cause of action, pursuant to S.C.

1

Code Ann. § 15-51-10, and a survival cause of action for the decedent's pain and suffering prior to his death, pursuant to S.C. Code Ann. § 15-5-90.

On August 19, 2021, Barnett filed a motion to exclude the testimony of an expert witness for the government. ECF No. 61. On September 1, 2021, the government responded in opposition. ECF No. 63. Barnett did not file a reply, and the time to do so has now expired. As such, this motion is now ripe for review.

## II.  STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, courts must engage in a two-part analysis. First, the court must determine whether a witness is qualified to testify as an expert on scientific, technical, or other specialized knowledge based on his or her knowledge, skill, experience, training, or education. Then, the court must consider whether the testimony of the qualified expert is reliable and relevant to the facts of the case under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The proponent of expert testimony must demonstrate by a preponderance of the evidence that the testimony satisfies these requirements. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). District courts serve as gatekeepers for expert testimony by making pretrial

determinations on whether the proponent has satisfied its burden. Nevertheless, "the trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule." United States v. Stanley, 533 F. App'x 325, 327 (4th Cir. 2013) (quoting Fed. R. Evid. 702 advisory committee's note).

### III.   DISCUSSION

Barnett asks this court to exclude the expert testimony of Captain Brian Hall ("Hall"). The government retained Hall to offer his professional opinions regarding: (1) the navigational aids relative to the contraction dike on the western edge of the Cooper River; (2) the navigational aids at the entrance of the Daniel Island Bend in the Cooper River just south of the contraction dike; and (3) the cause of the allision at issue with the contraction dike. See ECF No. 63-1. Barnett challenges the admissibility of this testimony on two grounds. First, Barnett argues that Hall is not qualified to render these opinions. Second, Barnett argues that "Hall's opinions are based on insufficient knowledge of the facts of the allision." ECF No. 61 at 7. The court disagrees on both fronts.

#### A.   Qualifications

The court finds that Hall is qualified to give an expert opinion regarding the navigation aids at issue and the cause of the allision. Barnett argues that Hall is unqualified because he is not an expert in marine investigations yet is attempting to render expert opinions in that field. Contrary to Barnett's contention, the mere fact that Hall is not a "marine investigator" or "expert in marine investigations," ECF No. 61 n.10, does not disqualify Hall as an expert in this action. A witness's qualifications to render

3

an expert opinion are "liberally judged by Rule 702. Inasmuch as the rule uses the disjunctive, a person may qualify to render expert testimony in any one of the five ways listed: knowledge, skill, experience, training, or education." Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993). Where the proposed expert's qualifications are challenged, "the test for exclusion is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered" to be properly excluded. Id. "One knowledgeable about a particular subject need not be precisely informed about all details of the issues raised in order to offer an opinion." Id. (citing Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 799 (4th Cir. 1989), cert. denied, 493 U.S. 1073 (1990)); see also Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996) ("[I]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate.").

     Hall is qualified by his knowledge, skill, experience, training, and education to offer expert testimony regarding the navigation aids at issue and the cause of the allision. See ECF No. 63-2. Hall is a 1984 graduate of the United States Merchant Marine Academy. He earned a Master of Science from the State University of New York – Maritime College in 1997. He was a "Surface Warfare Officer" in the United States Navy from 1984 to 1987. Id. at 2. He was part of the Navy's "Military Sealift Command Atlantic" from 1989 to 1997 during which time he held positions of "Licensed Deck Officer" and "Marine Safety Director." Id. Hall holds, among other licenses and certifications, a United States Coast Guard "Merchant Marine Officer" license and

"Master of Steam and Motor Vessels Any Gross Tons Upon Oceans" license. Id. From 1998 to 2010, Hall sailed as a chief mate and senior deck training officer. Also, since 1998, Hall has taught at the United States Merchant Marine Academy, including Maritime Professional Studies, Safety of Life at Sea, Integrated Navigation, Navigation Law – Rules of the Road, and United States Coast Guard license courses. Additionally, he is a contributing editor and author of respected maritime publications, including DUTTON'S Nautical Navigation 15th Edition and American Merchant Seaman's Manual 7th Edition. Hall's extensive maritime education, knowledge, experience, and training clearly qualify him to offer expert testimony regarding the aids to navigation at issue and the cause of the allision. As such, Barnett's challenge to Hall's qualifications does not meet the high bar for exclusion. Barnett instead may cross-examine Hall to highlight any perceived weaknesses in his experience and qualifications.

### B. Knowledge of the Facts

Barnett next argues that the court should exclude Hall's expert testimony because he has insufficient knowledge of the facts of the allision that resulted in the decedent's death. Barnett complains that Hall did not consider documents tending to show that the flash rhythm and color of certain navigation aids around the dike at the time of the allision created confusion to boaters and that the United States Coast Guard changed the rhythm of those lights after the allision. See ECF No. 61-7. She also complains that Hall did not consider evidence, including certain witness interviews, indicating that some of the navigation lights at issue were not well lit at the time of the allision. For these reasons, Barnett claims that Hall's opinions are "unreliable." ECF No. 61 at 7. The court again disagrees.

5

Federal Rule of Evidence 702 requires, among other things, that an expert witness's testimony be "based on sufficient facts or data" and that the expert have "applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. "An expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record." Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994); Sparks v. Gilley Trucking Co., 992 F.2d 50, 54 (4th Cir. 1993) ("[A] court may refuse to allow a generally qualified expert to testify if his factual assumptions are not supported by the evidence.") (citing Eastern Auto Distrib., Inc. v. Peugeot Motors of Am., Inc., 795 F.2d 392, 337–38 (4th Cir.1986) (holding that the district court did not abuse its discretion when it excluded the testimony of an expert witness whose opinion was based on two assumptions that were speculative and not supported by the record)).

In his expert report, Hall enumerates twenty pieces of evidence that he considered in rendering his opinion, including, inter alia, depositions, witness statements, the relevant weather forecast and tide tables, email communications regarding the navigation aids at issue, incident and investigative reports for the allision, photographs of the decedent's vessel, and the complaint. Hall's alleged failure to consider certain evidence tending to show that some navigation aids were not visible or were confusing to boaters does not render his opinions speculative or unsupported by the record. An expert witness need not eliminate all possible causes of an injury when giving his expert opinion. See, e.g., Heller v. Shaw Indus., Inc., 167 F.3d 146, 156 (3d Cir. 1999) ("To require the experts to rule out categorically all other possible causes for an injury would mean that few experts would ever be able to testify."). The answer to the critical question of the

cause of the allision will depend on which set of predicate facts the fact-finder believes: (1) the government's contention that the navigation aids were lit and functioning in a proper manner but the decedent operated the vessel in an unsafe manner; or (2) Barnett's contention that the decedent operated the vessel in a safe manner but the aids were poorly lit and confusing. The advisory committee notes to Rule 702 speak to the precise issue before the court:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment. The condition and effectiveness of the navigation aids at the time of the allision is a question of fact for the factfinder. Hall may permissibly render an opinion on the cause of the allision under the assumption that the aids were properly functioning and effective—even if he did not consider all the evidence to the contrary. The evidence that Hall did not consider or rejected goes more to the weight of Hall's testimony than its admissibility. Again, Rule 702's guiding policy favors the admission of expert testimony and "the trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system." Stanley, 533 F. App'x at 327. Importantly, admission of Hall's expert testimony does negate Barnett's opportunity to attack Hall's opinions. Her opportunity will come before the trier of fact through "[v]igorous cross-examination, [and] presentation of contrary evidence." Daubert, 509 U.S. at 596. This principle is particularly true when the court acts as fact-finder. "[T]he gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a

jury to weigh the probative value of expert evidence." Bishop of Charleston v. Century Indem. Co., 225 F. Supp. 3d 554, 567 (D.S.C. 2016) (internal citation omitted). "The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial because there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." Id. (internal quotations and citations omitted). As such, the court finds that Hall's expert testimony is "based on sufficient facts or data" and that he "applied [his] principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to exclude.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 28, 2021**
**Charleston, South Carolina**

8