# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Penny Jo Barnett, individually, and as Personal Representative of the Estate of Edward Barnett,<br><br>        Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Case No: 2:20-cv-02517-DCN<br><br>DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION |

Pursuant to the Federal Rules of Civil Procedure and Local Civil Rules, Defendant United States of America serves the following responses to Plaintiff's Requests for Admission:

1. Admit Defendant undertook the duty of lighting the subject contraction dike prior to the subject incident.

**RESPONSE:** Denied. The United States acknowledges that an agency of the federal government installed lighting on the contraction dike prior to the allision of July 6, 2018. The United States denies that by lighting the dike with three amber lights and a green lighted aid to navigation it owed a duty to a mariner operating a boat in an unsafe manner late at night, not at a safe speed, without using all available means of navigational assistance, and without maintaining the proper lookout.

2. Admit lights were affixed to the subject contraction dike by and/or at the direction of Defendant prior to the subject incident.

**RESPONSE:** Admitted.

3. Admit Defendant failed to properly maintain the lighting of the subject

1

contraction dike prior to the subject incident.

  **RESPONSE:**  Denied.

  4. Admit Defendant did not regularly inspect the subject contraction dike for the 4-year period prior to the subject incident.

  **RESPONSE:**  Denied.

  5. Admit Defendant did not inspect the subject contraction dike for the 4-year period prior to the subject incident.

  **RESPONSE:**  Denied.

  6. Admit Defendant failed to properly maintain the lighting of the subject contraction dike following the subject incident resulting in additional allisions with the subject contraction dike.

  **RESPONSE:**  Denied.  The United States acknowledges that other allisions have occurred following the subject incident, but denies it failed to properly maintain the lighting of the subject contraction dike or that the allisions were a result of its maintenance of the lighting.

  7. Admit BATES US000153 is a true, correct, authentic, and complete copy of the Private Aids to Navigation Application submitted by the US Army Corps of Engineers regarding the subject contraction dike.

  **RESPONSE:**  Admitted.  Although the application was submitted by the U.S. Army Corps of Engineers and United States Coast Guard Light Lists have identified some Department of Defense lights as private aids to navigation, in accordance with 33 C.F.R. §66.01-1 aids to navigation operated by the federal government are not private aids to navigation.

  8. Admit BATES US000153 is the only Private Aids to Navigation Application submitted by the US Army Corps of Engineers regarding the subject contraction dike.

**RESPONSE:** Admitted. Although the application was submitted by the U.S. Army Corps of Engineers and United States Coast Guard Light Lists have identified some Department of Defense lights as private aids to navigation, in accordance with 33 C.F.R. §66.01-1 aids to navigation operated by the federal government are not private aids to navigation.

9. Admit Defendant checked the status of the lights on the subject contraction dike on September 4, 2012, November 9, 2012, December 5, 2012, April 9, 2013, May 31, 2013, July 5, 2013, September 3, 2013, October 25, 2013, and January 31, 2014.

**RESPONSE:** Admitted.

10. Admit following Defendant's January 31, 2014, status check of the lights on the subject contraction dike that Defendant's next check of the status of the lights did not occur until after the subject incident.

**RESPONSE:** Denied.

11. Admit that prior to the subject allision Defendant had notice of injuries and deaths from allisions with the subject contraction dike.

**RESPONSE:** Admitted.

12. Admit that since April of 1992 Defendant had notice of allisions with the subject contraction dike.

**RESPONSE:** Denied. The United States denies Request for Admission 12 because the contraction dike as it existed on July 6, 2018, is different from the dike in April of 1992

13. Admit that as of July 2, 2021, Defendant has not completed a marine casualty investigation pursuant to 46 U.S. Code § 6301 regarding the subject incident.

**RESPONSE:** Denied. The marine casualty investigation undertaken by Bryan Johnson on the behalf of the United States Coast Guard, pursuant to 46 U.S.C. § 6301, as a result of the

3

allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's administrative review process.

14.     Admit that as of July 2, 2021, Defendant has not completed a marine casualty investigation regarding the subject incident.

**RESPONSE:**  Denied.  The marine casualty investigation undertaken by Bryan Johnson on the behalf of the United States Coast Guard, pursuant to 46 U.S.C. § 6301, as a result of the allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's administrative review process.

15.     Admit that as of July 2, 2021, Defendant has not completed a marine casualty investigation report pursuant to 46 U.S. Code § 6301 regarding the subject incident.

**RESPONSE:**  Denied.  The United States denies that a marine casualty investigation report prepared by Bryan Johnson pursuant to 46 U.S.C. § 6301 has not been completed regarding the allision of July 6, 2018.  The marine casualty investigation report prepared by Bryan Johnson on the behalf of the United States Coast Guard, pursuant to 46 U.S.C. § 6301, as a result of the allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's administrative review process.

16.     Admit that as of July 2, 2021, Defendant has not completed a marine casualty investigation report regarding the subject incident.

**RESPONSE:**  Denied.  The United States denies that a marine casualty investigation report prepared by Bryan Johnson, pursuant to 46 U.S.C. § 6301, has not been completed regarding the allision of July 6, 2018.  The marine casualty investigation report prepared by Bryan Johnson on the behalf of the United States Coast Guard as a result of the allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's

administrative review process.

17. Admit that as of July 2, 2021, Defendant has not prepared a marine casualty investigation report pursuant to 46 U.S. Code § 6301 regarding the subject incident.

**RESPONSE:** Denied. The United States prepared a marine casualty investigation report pursuant to 46 U.S.C. § 6301 as a result of the allision of July 6, 2018. The marine casualty investigation report prepared by Bryan Johnson on the behalf of the United States Coast Guard as a result of the allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's administrative review process.

18. Admit that as of July 2, 2021, Defendant has not prepared a marine casualty investigation report regarding the subject incident.

**RESPONSE:** Denied. For the sixth time to the same six Requests For Admission, the United States prepared a marine casualty investigation report, pursuant to 46 U.S.C. § 6301, as a result of the allision of July 6, 2018. The marine casualty investigation report prepared by Bryan Johnson on the behalf of the United States Coast Guard as a result of the allision of July 6, 2018, has been completed, but it has not been fully vetted through the Coast Guard's administrative review process.

19. Admit that prior to July 6, 2018, the lighting of subject contraction dike was insufficient.

**RESPONSE:** Denied.

20. Admit that after July 6, 2018, the lighting of the subject contraction dike was modified.

**RESPONSE:** Admitted.

21. Admit the phone number (843) 329-8000 is a phone number to reach the United

States Army Corps of Engineers' Charleston District Headquarters.

**RESPONSE:** Admitted.

22. Admit Melody Keller called Defendant at (843) 329-8000 on June 13, 2018, and informed Defendant that the white/amber lights on the subject contraction dike were not functioning.

**RESPONSE:** The United States lacks knowledge or information sufficient to respond because, after a reasonable inquiry, it is unable to confirm receipt of a call from Melody Keller on June 13, 2018, unable to identify any voicemail from Melody Keller and unable to locate any employee who has a recollection of receiving the alleged call, and, therefore, this Request for Admission is deemed denied.

23. Admit background lighting may impact the visibility of an aid to navigation.

**RESPONSE:** Admitted.

24. Admit background lighting may impact the visibility of lights on a contraction dike.

**RESPONSE:** Admitted.

25. Admit that a purpose of the lights on the subject contraction dike on July 6, 2018, was to mark the dike.

**RESPONSE:** Admitted.

26. Admit that a purpose of the lights on the subject contraction dike on July 6, 2018, was for boater safety.

**RESPONSE:** Admitted.

27. Admit that a quick flashing light rhythm on the subject contraction dike was a feasible rhythm alternative on and before July 6, 2018.

**RESPONSE:** Admitted for the U.S. Coast Guard green light 49A. Denied for the yellow/amber lights affixed by the U.S. Army Corps of Engineers.

28. Admit that a quick flashing light rhythm is the most conspicuous rhythm.

**RESPONSE:** Admitted. While not necessarily always the most effective nor least confusing, a quick flashing light rhythm is the most conspicuous rhythm.

29. Admit Defendant started the rumor that Edward Barnett had a heart attack.

**RESPONSE:** Denied. The United States is unaware of any rumor that Edward Barnett had a heart attack.

30. Admit Defendant had no evidence Edward Barnett had a heart attack at the time Defendant started reporting to others that Edward Barnett had a heart attack.

**RESPONSE:** Denied. The United States is unaware of any rumor that Edward Barnett had a heart attack.

31. Admit subcontractors for the US Army Corps of Engineers allided with the subject contraction dike prior to July 6, 2018.

**RESPONSE:** The United States lacks knowledge or information sufficient to respond because, after a reasonable inquiry, it is unable to locate someone with knowledge of subcontractors for the U.S. Army Corps of Engineers alliding with the subject contraction dike prior to July 6, 2018, and, therefore, this Request for Admission is deemed denied.

32. Admit subcontractors for the US Army Corps of Engineers allided with the subject contraction dike after July 6, 2018.

**RESPONSE:** Admitted.

33. Admit the subject contraction dike was constructed for the purpose of ameliorating shoaling.

**RESPONSE:** Admitted.

34. Admit the subject contraction dike was no longer necessary to ameliorate shoaling at the time of the subject incident.

**RESPONSE:** Denied.

35. Admit that in terms of boater safety it is better to remove unnecessary contraction dikes than to leave such dikes in a waterway.

**RESPONSE:** Denied. The United States denies that the contraction dike into which the MISS JUNE allided was unnecessary.

36. Admit that at the time of the subject incident Defendant was "not clear on who did what and who's responsible for maintaining what" regarding the subject contraction dike. *See* Barnett v. USA (002028).

**RESPONSE:** Denied.

37. Admit the flash length of the lights identified on BATES US000153 was never the flash length of the lights on the subject contraction dike prior to the subject incident.

**RESPONSE:** Denied.

38. Admit BATES US003706 (video recording) is only a portion of a longer video recording.

**RESPONSE:** Denied. BATES US003706 is an email, not a video recording. The United States interprets this request to refer to US001306, which is a video recording and which is the entire, unedited recording.

39. Admit that on July 18, 2018, Bryan Johnson represented to Sara Tuuk that the estimated timeline for the completion of a Report of Investigation was 6-18 months.

**RESPONSE:** Admitted.

8

40. Admit sober boat operators have allided with the subject contraction dike.

**RESPONSE:** Admit.

41. Admit that prior to July 6, 2018, Defendant had knowledge of sober boat operators alliding with the subject contraction dike.

**RESPONSE:** The United States lacks knowledge or information sufficient to respond because, after a reasonable inquiry, it is unable to location someone who possessed knowledge of the sobriety of any individuals who allided with the subject contraction dike prior to July 6, 2018, and, therefore, this Request for Admission is deemed denied.

42. Admit that on March 22, 2021, there was an allision at the subject contraction dike.

**RESPONSE:** Admitted.

43. Admit that in April of 2019 there was an allision at the subject contraction dike.

**RESPONSE:** Admitted.

44. Admit that the US Army Corps of Engineers owns Private Aids to Navigation in the navigable waters of the United States.

**RESPONSE:** Denied. Pursuant to 33 C.F.R. §66.01-1, aids to navigation operated by the federal government are not private aids to navigation.

45. Admit that the US Navy owns Private Aids to Navigation in the navigable waters of the United States.

**RESPONSE:** Denied. Pursuant to 33 C.F.R. §66.01-1, aids to navigation operated by the federal government are not private aids to navigation.

46. Admit that the US Army Corps of Engineers maintains Private Aids to Navigation in the navigable waters of the United States.

**RESPONSE:** Denied. Pursuant to 33 C.F.R. §66.01-1, aids to navigation operated by the federal government are not private aids to navigation.

47.     Admit the US Navy owns Private Aids to Navigation in the navigable waters of the United States.

**RESPONSE:** Denied. Pursuant to 33 C.F.R. §66.01-1, aids to navigation operated by the federal government are not private aids to navigation.

Dated: August 2, 2021                                  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

M. RHETT DeHART
Acting United States Attorney

LEE E. BERLINSKY, Fed ID #05443
Assistant United States Attorney
United States Attorney's Office
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel: (843) 266-1679
Fax: (843) 727-4443
Lee.Berlinsky@usdoj.gov


 /s/ Jared H. Hood
JARED H. HOOD
DOUGLAS HOTTLE
J. STEVEN JARREAU
KALYNN E. HUGHES
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002

Tel: (202) 616-2973/4060/4035
Fax: (202) 616-4002
Douglas.Hottle@usdoj.gov
Kalynn.E.Hughes@usdoj.gov
Steven.Jarreau@usdoj.gov
Jared.H.Hood@usdoj.gov

*Attorneys for Defendant*

2:20-cv-02517-DCN     Date Filed 12/15/21     Entry Number 95     Page 11 of 12

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 2, 2021, a copy of the foregoing was served via email to the following counsel of record:

Brooklyn A. O'Shea (Fed. ID: 12681)
O'Shea Law Firm, LLC
1120 Folly Road
Charleston, SC 29412
843-805-4943 office
brooklyn@oshealaw.com

Christopher J. McCool (Fed. ID: 5747)
Joye Law Firm, LLP
5861 Rivers Avenue
North Charleston, SC 29406
843-554-3100 office
cmccool@joyelawfirm.com

*Attorneys for Plaintiff*

               */s/ Jared H. Hood*
               JARED H. HOOD
               Trial Attorney