IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION – IN ADMIRALTY

| | |
|---|---|
| PENNY JO BARNETT, *individually, and as Personal Representative of the Estate of Edward Barnett*, ) ) ) ) | |
| Plaintiff, ) | No. 2:20-cv-02517-DCN |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) ) | |

The following matter is before the court on plaintiff Penny Jo Barnett's ("Barnett") motion for reconsideration, ECF No. 114, of the court's findings of facts and conclusions of law, ECF No. 111. It is also before the court on defendant United States of America's (the "government" or "United States") motion for leave to file a bill of costs, ECF No. 118. For the reasons set forth below, the court denies the motion for reconsideration and grants the motion for leave to file a bill of costs.

## I.   BACKGROUND

This admiralty and maritime action arises out of the Miss June's allision with a contraction dike in the Cooper River in North Charleston, South Carolina on July 6, 2018. The allision resulted in the death of the operator of the vessel, Edward Barnett (the "decedent"). The dike and surrounding navigation lights are owned and operated by the government. According to Barnett, the navigation lights on the dike were not functioning properly at the time of the allision, such that the dike was not visible to approaching boaters.

1

On July 2, 2020, Barnett filed the instant action against the government in her individual capacity and as personal representative of the estate of her husband. ECF No. 1. She later amended her complaint, first on September 23, 2020, ECF No. 8, and then again on January 27, 2021, ECF No. 28, 2d Amend. Compl. Barnett alleges a wrongful death cause of action, pursuant to S.C. Code Ann. Section 15-51-10, and a survival cause of action for the decedent's pain and suffering prior to his death, pursuant to S.C. Code Ann. Section 15-5-90. On December 13, 2021, the court held a bench trial for this case. See generally ECF No. 110. After considering the testimony and exhibits admitted at trial, as well as the parties' pre-trial briefs and post-trial proposed findings and conclusions, the court issued findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a) on January 10, 2023. ECF No. 111 (the "Decision"). The court issued its judgment in favor of the government on February 7, 2023. ECF No. 113.

On March 7, 2023, Barnett filed a motion for reconsideration of the court's Decision, ECF No. 114, to which the government responded in opposition on March 28, 2023, ECF No. 117. On July 31, 2023, the government then filed its motion for leave to file a bill of costs, ECF No. 118, to which Barnett responded in opposition on August 14, 2023, ECF No. 119. As such, these motions are fully briefed and are now ripe for review.

## II.   STANDARD

### A. Motion to Alter or Amend

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used

sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 66 F.3d 166, 1995 WL 520978, *5 n.6 (4th Cir. 1995) (unpublished table decision)).

A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement" with the court's order to succeed on a Rule 59(e) motion. Hutchinson, 994 F.2d at 1082. Furthermore, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. Ultimately, the decision whether to reconsider an order resulting in judgment pursuant to Rule 59(e) is within the discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The district court [i]s without power to enlarge the

time for filing a Rule 59(e) motion." United States v. Griffin, 397 F. App'x 902, 903 (4th Cir. 2010) (citing Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001)).

Analogously, Federal Rule of Civil Procedure 52(b) provides: "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." "Motions made under Rule 52(b) 'are intended to correct manifest errors of law or fact or to present newly discovered evidence.'" Driskell v. Summit Contracting Grp., Inc., 325 F. Supp. 3d 665, 679 (W.D.N.C. 2018) (quoting Goodwin v. Cockrell, 2015 WL 12851581, at *1 (E.D.N.C. Dec. 30, 2015)). Although Rule 52(b) does not provide a specific standard for review of such motions, district courts within this circuit apply the three grounds identified by the Fourth Circuit for Rule 59(e) motions to those brought pursuant to Rule 52(b). See Stogsdill v. Keck, 2015 WL 3396821, at *1 (D.S.C. May 26, 2015).

### B. Motion for Leave to File a Bill of Costs

Local Civil Rule 54.03 provides in relevant part that "[a] bill of costs shall be filed within the time limits set by Fed. R. Civ. P. 54(d)(2)(B) for applications for attorney's fees. Noncompliance with this time limit shall be deemed a waiver of any claim for costs." Local Civ. Rule 54.03 (D.S.C.). Federal Rule of Civil Procedure 54(d)(2)(B) requires that applications for attorney's fees be filed "within 14 days of the entry of judgment." The Fourth Circuit has found that the date of the "entry of judgment" is extended until the district court disposes of a timely filed motion under Fed. R. Civ. P. 59(e). CX Reinsurance Co. v. Johnson, 977 F.3d 306, 314–15 (4th Cir. 2020).

The court is "only empowered to grant . . . an extension under Rule 6(b)(2), upon a motion . . . made by the [prevailing party] that was supported by a showing of excusable neglect." Gaskins v. BFI Waste Servs., LLC, 281 F. App'x 255, 259 (4th Cir. 2008). Rule 6(b) provides as follows:

> (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) Exceptions.  A court must not extend the time to act under Rules 50(b) and (d), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b). Finally, Local Civil Rule 1.02 provides that, "[f]or good cause shown in a particular case, the Court may suspend or modify any Local Civil Rule." Local Civ. Rule 1.02 (D.S.C.).

### III.  DISCUSSION

The court starts by evaluating Barnett's request that the court alter or amend the Decision and judgment, ECF No. 114, before considering the government's motion for leave to file a bill of costs, ECF No. 118.

**A. Motion to Alter or Amend**[1]

---

[1] Barnett provides that she files this motion "pursuant to Fed. R. Civ. P. 52(b), 59(e), and/or 60(b)," ECF No. 114 at 1, and the government takes issue with her failure to address which federal rules apply to which of her arguments, ECF No. 117 at 4.  Rule 60(b), like Rules 52(b) and 59(e), provides grounds for relief from final judgment. See Fed. R. Civ. P. 60(b).  However, if a motion under Rule 60(b) is filed within twenty-eight days after the entry of judgment, it is treated as if it were filed under Rule 59(e). Watson v. Smith, 2022 WL 374547, at *1 (W.D.N.C. Feb. 7, 2022) (citing Robinson v. Wix Filtration Corp., 559 F.3d 403, 412 (4th Cir. 2010)); see also MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277–80 (4th Cir. 2008) (considering a timely filed motion under Rule 59(e) despite the movant entitling the motion as brought pursuant to Rule

Barnett asserts five arguments in support of her motion. She first argues that the court erred in barring her negligence claims "related to background lighting, flashing rhythms, and candela under sovereign immunity." ECF No. 114 at 3. Barnett argues that those claims do not, in fact, fall under the discretionary function exception because the Coast Guard failed to use due care regarding the aforementioned elements of the dike once it undertook to light the dike. Id. (citing Olympia Sauna Compania Naviera, S.A. v. United States, 670 F. Supp. 1498, 1503 (D. Or. 1987)). Thereafter, Barnett goes through cases which purport to show that "the liability of the Coast Guard is the same as that of private parties." Id. at 4. She therefore argues that "[a]nalyzing reasonableness and due care requires the Court to consider the totality of the circumstances and not dismiss arguments and facts related to candela, background lighting, and flash sequence of any other arguments the Court did not address." Id. Second, Barnett claims that the court erred in its analysis of the elements of negligence. Id. at 5. She contends that it erred in ruling there was no breach of duty because the Coast Guard had a duty to warn of foreseeable dangers. Id. She also finds error in the court's finding that there was a superseding cause because even if the decedent contributed to the allision, it was foreseeable. Id. Third, Barnett contends that the Oregon Rule doctrine, a burden shifting framework, should not apply because "the dike in this case was not visible and most of it was submerged." Id. Fourth, Barnett contends that the court erred in applying the Pennsylvania Rule against her and not applying the same against the government. Id.

---

60(b)). The court entered judgment in this case on February 7, 2023, ECF No. 113, and Barnett filed the instant motion to alter or amend twenty-eight days later March 7, 2023, ECF No. 114. Thus, the court finds that Rules 52(b) and 59(e) provide the standard of review for Barnett's motion, not Rule 60(b). See Watson, 2022 WL 374547, at *1.

She argues that "if both parties in a collision have been shown to be in statutory fault, the rule has been applied to both" parties, and she further claims that if the rule is misapplied it creates an inequitable result such that the Pennsylvania Rule should be abandoned. Id. at 6. She does not identify how the government was in statutory fault at the time of the allision. See id. Fifth, she claims that the decision "manifests injustice by leaving [Barnett] and others without a remedy. Id. at 7.

In response, the government goes through each of Barnett's arguments and argues that they do not warrant the relief sought. ECF No. 117 at 4–6. First, it asserts that Barnett's discretionary function exception argument is without merit because she merely repeats an argument made at trial that was not meritorious. Id. at 4. Namely, that the dike, while technically an obstruction in navigable waters, is in fact an aid to navigation and "this semantical change should have required the Coast Guard to treat it differently, although exactly how is not explained." Id. Since Barnett is simply attempting to relitigate an issue raised at trial, her first argument is without merit. Id. at 5. Second, Barnett's arguments regarding breach of duty, according to the government, are "simply a direct challenge to the final decision and not a matter that can be addressed by way of a post-trial motion." Id. Third, the government asserts the court held that the dike was visible, meaning the application of the Oregon Rule was appropriate. Id. Fourth, it says Barnett's challenge to the Pennsylvania Rule questions the court's decision that the decedent violated statutory regulations on the night of the allision and the court found him negligent. Id. Finally, the government contends that there was nothing unjust, much less manifestly unjust, about the decision of the court. Id. at 6. Rather, it accords with the facts of the case: the decedent, an experience mariner, operated the Miss June

workboat at a high rate of speed on a clear night well outside the navigable channel and allided with the dike very near one of the yellow flashing lights on the dike, resulting in extensive damage to the boat and two deaths.  Id.

Initially, the court concludes that Barnett has not provided arguments that would make either of the first two grounds to grant a motion to alter or amend apply to this case; she has neither identified an intervening change in law, nor has she provided new evidence not available at the time of the court's decision.  See ECF No. 114; Hutchinson, 994 F.2d at 1081.  Thus, the court constrains its analysis to determine whether Barnett's motion identifies information necessary "to correct a clear error of law or prevent manifest injustice."  See id.

The court finds that the third ground is not available either.  Far from being clear error, the court's decision was factually supported and legally justified, and it reached its conclusions after full consideration of both parties' briefs and arguments.  See ECF No. 111 at 16–17 (discretionary function exception), 22–28 (duty and breach), 29–33 (Pennsylvania Rule), 33–37 (Oregon Rule).  While Barnett disagrees with the court's application of the discretionary function exception, the Oregon Rule, and the Pennsylvania Rule, and disagrees with the court's conclusions as to breach of duty and superseding cause, mere disagreement does not support a Rule 59(e) motion.  See Hutchinson, 994 F.2d at 1082.  As such, the court denies Barnett's motion to alter or amend the judgment.

### B.  Motion for Leave to File a Bill of Costs

The government admits that it did not file a bill of costs within fourteen days of the court's issuance of judgment on February 7, 2023.  ECF No. 118 ¶ 9.  However, it

contends that its failure to file was due to excusable neglect—specifically Mr. Jarreau's belief that the period would not begin to run until after the ruling upon any post-trial motions. Id. ¶ 9. It therefore requests leave of the court to file a bill of costs within fourteen days of the decision on Barnett's post-trial motions or this motion. Id. ¶ 10. In response, Barnett contends that the United States "has failed to demonstrate that a delay in timely filing a bill of cost was due to excusable neglect," and, therefore, urges the court to deny the motion. ECF No. 119 at 1. Barnett emphasizes that the government fails to explain their incorrect understanding of the local rules considering Lee E. Berlinsky, an Assistant United States Attorney for the District of South Carolina for over twenty-nine years, was actively involved in the case. Id. at 1–2.

The court is tasked with determining whether the government's failure to file a bill of costs within fourteen days of judgment qualifies as excusable neglect. The court finds that the motion was timely filed, and even if this were not the case, the stated facts would qualify as excusable neglect.

The Fourth Circuit has determined that "the date of 'entry of judgment' is extended until the district court disposes of a timely filed motion under Rule 59." CX Reinsurance Co., 977 F.3d at 314. In CX Reinsurance Co., the court considered a conflict between the federal rules of civil procedure and Local Rules in effect for the District of Maryland. Id. Specifically, the court noted that Local Rule 109.2 (D. Md.) had been interpreted to require that the fourteen-day period for filing a motion for attorney's fees began to run from the original judgment and not from the date of disposition of any post-judgment motion. Id. However, the Fourth Circuit explicitly rejected that interpretation because the local rule at issue was identical to the language of

9

the federal rule. Id. at 314–15. As such, the requirement under the federal rules—that a Rule 54(d)(2)(B) motion for fees is timely when filed within fourteen-days of the disposition of any Rule 59(e) motions—superseded the local rule such that the movant's attorneys' fees motion was timely notwithstanding the local rule in effect. Id.

Considering the foregoing and the language of Local Civil Rule 54.03, the court finds that the government's motion is in fact timely filed because the Rule 59(e) motion remains pending in this case. As such, under binding Fourth Circuit precedent interpreting Rule 54, the government has fourteen days to file a motion for fees upon the court's resolution of the Rule 59(e) motion. See CX Reinsurance Co., 977 F.3d at 314–15. Even if that were not the case, such a misinterpretation falls within the category of excusable neglect such that the court would have the authority to waive the deadline and permit the government to file an untimely motion for fees.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for reconsideration and **GRANTS** the motion for leave to file a bill of costs.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 25, 2023**
**Charleston, South Carolina**